UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

HUGO L. RAMIREZ,
ROBERT OSBORN,
JOSHUA ROGERS, and
JAYSON B. EDWARDS,

        Defendants.

NO. CR. S-05-090 WBS

ORDER RE: DEFENDANT OSBORN'S MOTION FOR SEVERANCE

----oo0oo----

Defendant Osborn's motion for severance is based upon the ground that because the evidence will be stronger against his co-defendant than it will be against him the jury may find him guilty by association. Under the circumstances in this case, this is not a sufficient reason to grant defendant's motion.

Rule 14 of the Federal Rules of Criminal Procedure provides that

> if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The mere fact that the defendant may stand a better chance of acquittal or that his co-defendant may be more culpable is not enough to require severance. United States v. Baker, 10 F.2d 1374 (9th Cir. 1993).

This case does not appear to be particularly complex. The charges are relatively simple, and it does not appear that the trial will last very long. Generally, "defendants jointly charged are to be jointly tried." United States v. Ramirez, 710 F.2d 535, 545 (9th Cir. 1983). "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy." United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 1999). Osborn has presented no compelling argument to persuade the court to depart from this general principle here. The court can effectively deal with Osborn's concerns through proper instructions to the jury that they are to consider the evidence as against each defendant on each count separately.

Additional factors to be considered here include the prejudice to the government and potential danger to at least one witness if defendants were to be severed for separate trials. Several witnesses would be inconvenienced if they were required to testify at two separate trials. More importantly, the government represents that one of the witnesses' identity is being protected because of the concern that associates of the defendants who are still at liberty and have been involved in a double homicide may pose a threat to that witness. If that witness were required to testify and reveal his/her identity before the second trial, it could pose a danger to that witness' safety.

1   The court can understand Osborn's desire to be tried
2 sooner than his co-defendant wishes to be tried, but that is not
3 a proper ground for severance.  Because of the pending motions,
4 and the schedule which has been agreed upon to brief and hear
5 those motions, a joint trial of both defendants on March 20,
6 2007, as presently scheduled, will not violate the Speedy Trial
7 Act.  See 18 U.S.C. § 3161(h)(1)(F).  Osborn has not met his
8 burden of showing that the joinder of these defendants for trial
9 would be "so manifestly prejudicial that it outweigh[s] the
10 dominant concern of judicial economy." United States v. Monks,
11 774 F.2d 945, 948 (9th Cir. 1985)(quoting United States v.
12 Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)).  A joint trial is
13 the most efficient, fair, and sensible way to proceed in this
14 matter.
15   IT IS THEREFORE ORDERED that defendant Osborn's Motion
16 to Sever Defendants for trial be, and the same hereby is, DENIED.
17 DATED:  October 27, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE